### CAREY & ZIMMERMAN v. ARTHUR P. TAYLOR.

PURCHASER OF REAL ESTATE GOING INTO POSSESSION UNDER CONTRACT LIABLE FOR INTEREST ON PURCHASE MONEY WITHHELD UNTIL GOOD DEED IS FURNISHED.

A purchaser of real estate, under a contract which calls for delivery of possession and a good title on a certain day, who goes into possession on the day named, but does not receive a deed nor pay the purchase money, owing to a defect in the title, until some months later, is liable to the vendor for interest on the purchase money from the date when he took possession until the time of payment.

[Syllabus approved by the court.]

W. M. Fridman, for plaintiffs.

Malcolm McAvoy, for defendant.

GIFFEN, J.

This is an action for the specific performance of a contract to purchase certain real estate, entered into January 20, 1905, by the terms of which plaintiff was to pay $1,000 cash on February 10, 1905, and the balance, partly by assuming a mortgage then on the property, and partly by a second mortgage for such sum as would bring the total up to $4,200.

The contract contained the clause:

"The property to be conveyed to me by general warranty deed with release of dower, title of property to be good."

An examination of the title disclosed a substantial defect, which was reported to plaintiffs, but on February 10, 1905, defendant took possession of the premises with the understanding that the defect would be cured, but without any agreement to pay rent or interest on the purchase money in the meantime. The title was not perfected nor was the deed tendered until September 22, 1905, when interest was demanded upon the purchase money from February 10, 1905. The defendant denies the right of plaintiffs to such interest and avers that on February 10, 1905, and until September 22, 1905, he was ready and willing and anxious to perform his part of said agreement whenever plaintiffs would tender him a proper warranty deed and title to said premises.

The question presented is, whether a purchaser in possession of the premises is chargeable with interest on the purchase money during the period of time from the date when the contract was to be completed and the actual tender of the deed, the delay being occasioned by the failure of the vendor to perfect the title. When defendant avers that he was always ready and willing to perform his part of the contract, it does not appear that such fact was communicated to the plaintiffs, nor that

he offered to perform. Plaintiffs were, therefore, not in default to the extent that defendant could have brought an action for specific performance. *Raudabaugh* v. *Hart*, 61 Ohio St. 73 [55 N. E. Rep. 214; 76 Am. St. Rep. 361].

When the defendant was put in possession of the premises, the plaintiffs did all they could at that time do in fulfillment of the contract, and it was evidently the intention of the parties to complete the contract when the defect in the title was cured. In the meantime, the defendant suffered loss, if at all, only in interest on the $1,000, but it does not appear from the pleadings that he even sustained this loss. The $1,000 may have been earning interest during the entire period, or, if not, it was his duty to deposit it in bank, and notify the plaintiffs that this money together with such interest as the bank might allow, would be subject to their order upon a tender of a good and sufficient deed. In the event that such deed could not be tendered, or the defect in the title could not be removed, and the defendant was, therefore, compelled to surrender possession of the premises, he would not be liable for rent during the time he occupied the same, as the relation of landlord and tenant did not exist.

In Pomeroy, Spec. Perf. of Contr. Secs. 429 and 430, are as follows:

"The general rule is well settled that, where the contract is not completed until after the time stipulated for that purpose, but the court nevertheless decrees a specific performance, it will adjust the equities of the parties by placing them as far as possible in the same position which they would have occupied had the agreement been completed at the prescribed day, and to that end it will allow to the purchaser the rents and profits, and to the vendor interest upon the purchase price from and after that date.

"In ordinary contracts, which contain no stipulation concerning the payment of interest, and do not specify any day for completion, the purchaser is generally liable to pay interest on the purchase money from the time when he takes the possession, especially if he has received the rents and profits."

To the same effect is Dart, Vend. & Pur. p. 627, and following.

The reason of the rule seems to be, that a party to the sale of real estate cannot have the rents and profits and also the use of the purchase money, the object being to place the parties in a position as near as possible to that which they would have occupied had the contract been completed at the date agreed on.

The demurrer to the answer will be sustained.

**Jelke** and **Swing, JJ.**, concur.